14-895-cv
*City of Shelton v. Hughes*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

---

CITY OF SHELTON,

> *Plaintiff-Appellant,*

> > v.                                                      No. 14-895-cv

TANYA HUGHES, GARY H. COLLINS,

> *Defendants-Appellees,*

COMMISSION ON HUMAN RIGHTS &
OPPORTUNITIES, ANDREW M. NORTON,
CHAIRPERSON OF THE COMMISSION ON
HUMAN RIGHTS AND OPPORTUNITIES,
in his official capacity, ROBERT BROTHERS, JR.,
EXECUTIVE DIRECTOR OF THE COMMISSION
ON HUMAN RIGHTS AND OPPORTUNITIES,
in his official capacity, ALVIN WILSON,
CHIEF HUMAN RIGHTS REFERREE, in his
official capacity, ELLEN BROMLEY,
HUMAN RIGHTS REFEREE, in her official
capacity, MICHELE C. MOUNT,

FOR PLAINTIFF-APPELLANT:                    Michael J. Rose, Cindy A. Miller, Rose
                                            Kallor, LLP, Hartford, CT.


FOR DEFENDANTS-APPELLEES:                    Charles Krich, Connecticut
                                             Commission on Human Rights and
                                             Opportunities, Hartford, CT.

Appeal from a March 17, 2014 judgment of the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Appellant City of Shelton ("the City") brought suit against appellees, two officials of the Connecticut Commission on Human Rights and Opportunities ("CHRO"), alleging that appellees, in their official capacities, were violating federal law and the Supremacy Clause by asserting agency jurisdiction over federal discrimination claims. The District Court dismissed the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), holding that suit against the state officials was barred by the Eleventh Amendment and the City had failed to allege an ongoing violation of federal law such that the exception to Eleventh Amendment immunity established by *Ex parte Young*, 209 U.S. 123 (1908), applied.

The City's argument stems from the CHRO's system of investigation, public hearing, mediation, adjudication, and remedial action for claims of discrimination brought pursuant to Conn. Gen. Stat. § 46a-58(a)—which prohibits "the deprivation of any rights, privileges or immunities, secured or protected by the Constitution or laws of this state or of the United States" on the basis of status in certain enumerated groups. Because § 46a-58(a) explicitly adopts federal antidiscrimination law as part of the substantive conduct it regulates, claimants may allege violations of federal law, such as Title VII of the Civil Rights Act of 1964, in actions before the CHRO. At issue in this appeal is one CHRO action alleging a violation of Title VII, *Puryear v. Echo House Ambulance Corps and City of Shelton* (CHRO No. 1130518), brought against the City, in which the City alleges that it was compelled to submit to the CHRO's adjudication under threat of various fees, penalties, costs, and adverse findings.[1] We assume the parties' familiarity with the underlying facts and the procedural history of the case.

On appeal, the City argues that the District Court erred in its determination that the City had not stated a claim for an ongoing violation of federal law and hence that the *Ex parte Young*

---

[1] The City's complaint also makes similar claims related to a second action, *McGorty v. City of Shelton Fire Department* (CHRO No. 0930371), but the claims resting on that case were dismissed by the District Court on mootness grounds, and the City does not appeal that decision. Accordingly, we restrict our analysis to the arguments based upon *Puryear*.

2

exception to Eleventh Amendment state sovereign immunity did not apply to appellees. The City argues that CHRO's "use of the statute [§ 46a-58(a)] in adjudicating and enforcing Title VII (or *any* federal law) violates the Supremacy Clause because they are adjudicating federal law and providing relief in a manner not prescribed by Congress in the explicit language [of] Title VII." Appellant's Br. 42.

In reviewing a dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), we review legal conclusions *de novo* and factual findings for clear error. *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). A case is properly dismissed under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*

We review a district court's dismissal pursuant to Rule 12(b)(6) *de novo*, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chase Grp. Alliance LLC v. N.Y.C. Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The reach of the Eleventh Amendment has . . . been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns . . . ." *Western Mohegan Tribe & Nation v. Orange Cnty.,* 395 F.3d 18, 20 (2d Cir. 2004). "Under the well-known exception to this rule first set forth in *Ex parte Young,* 209 U.S. 123 [ ] (1908), however, a plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for prospective, injunctive relief from violations of federal law." *State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) (internal quotation marks omitted). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (internal quotation marks and brackets omitted).

The City asserts that its complaint satisfied the requirement of *Ex parte Young* because it alleged an ongoing violation of federal law. We disagree.

It is true that a suit may lie under *Ex parte Young*, even where the state law at issue in a plaintiff's complaint is "probably *not* inconsistent with federal law after all." *Verizon*, 535 U.S. at 646. That is because "the inquiry into whether suit lies under *Ex parte Young* does not include an analysis of the merits of the claim," and alleging an ongoing violation of federal law is usually sufficient. *Id.* However, we agree with the District Court that the City's complaint fails to allege any plausible

3

ongoing violation of federal law and so it has not met basic pleading requirements.  The City's basic allegation is that appellees "unlawfully prosecute Title VII claims," JA92 ¶ 16, that these claims are prosecuted by appellees without the procedures and rights, such as right to a jury, that are afforded by Title VII, and that damages awards are available for these claims even though the EEOC does not have the authority to issue damages awards for federal Title VII claims.  The City further contends that § 46a-58(a) is in contravention of another Connecticut statute, Conn. Gen. Stat. § 46a-60.  After considering the City's numerous arguments, we agree with the District Court that "Plaintiff's challenge is to the manner in which the CHRO handles employment discrimination complaints under [Connecticut law] as construed by the Connecticut Supreme Court, as exemplified by *Puryear*," and that accordingly, the City failed to state an ongoing violation of federal law.  SA10. We conclude that the City's action is barred by the Eleventh Amendment.

## CONCLUSION

We have considered all of appellants' arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4